UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| **WYLEY YARBER, III,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHARTWAY FEDERAL CREDIT UNION,** )<br>SERVE:  Brian T. Schools, President & CEO )<br>            5700 Cleveland Street )<br>            Virginia Beach, VA  23462-1752 )<br>)<br>**Defendant.** )<br>) | Civil Action No. **4:21-cv-00075** |

## COMPLAINT

COMES NOW the Plaintiff, WYLEY YARBER, III, by counsel, and for his complaint against the Defendant, alleges as follows:

### I.

#### PRELIMINARY STATEMENT

1.  Defendant, CHARTWAY FEDERAL CREDIT UNION, has violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA") by requesting and obtaining copies of Plaintiff's credit file without Plaintiff's permission or any other permissible purpose. Defendant unlawfully obtained Plaintiff's consumer report under the false pretense of an "account review" even though, at the time, Plaintiff had no credit accounts or relationship with Defendant because Plaintiff's previous credit relationship with Defendant had been terminated when Plaintiff's account with Defendant was discharged in bankruptcy.

2. Through Defendant's failures, Defendant has violated Plaintiff's rights under the FCRA. Accordingly, Plaintiff seeks actual damages, attorney's fees and costs, and punitive damages for Defendant's willful violations of the FCRA.

## II.

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(1)-(2).

## III.

### PARTIES

5. Plaintiff WYLEY YARBER, III ("Mr. Yarber" or "Plaintiff") is a natural person and "consumer" as defined by § 1681a(c) of the FCRA. Mr. Yarber resides in the City of Hampton, Virginia, which falls within the Newport News Division of the Eastern District of Virginia.

6. Defendant CHARTWAY FEDERAL CREDIT UNION ("Chartway") is a federally chartered credit union, with its headquarters located in Virginia Beach, Virginia. Chartway conducts business in the Commonwealth of Virginia, with consumers in Virginia.

## IV.

### FACTS

7. On or about December 10, 2018, Plaintiff entered into a loan agreement with Chartway to finance the purchase of a 2010 Ford Expedition (the "Chartway Auto Loan").

8. On November 4, 2019, Plaintiff filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Virginia, Newport News Division, Case No. 19-51608-FJS (the "2019 Bankruptcy Case"). Relief was ordered.

9. At the time of the filing of the 2019 Bankruptcy Case, the Chartway Auto Loan was open, and Plaintiff did not have any other loans or debts with Chartway.

10. Amongst the debts included in his bankruptcy schedules filed in the 2019 Bankruptcy Case, Plaintiff listed the Chartway Auto Loan in "Schedule D: Creditors Who Have Claims Secured by Property".

11. On November 6, 2019 Plaintiff filed a Chapter 13 Plan and Related Motions (the "Plan"), the terms of which provided for Plaintiff to surrender his interest in the 2010 Ford Expedition in satisfaction of the secured portion of the Chartway Auto Loan, with any resulting deficiency to be treated as a non-priority unsecured claim in the 2019 Bankruptcy Case.

12. On January 24, 2020, the bankruptcy court entered an order denying confirmation of the Plan.

13. On January 28, 2020, the bankruptcy court entered an order dismissing Plaintiff's 2019 Bankruptcy Case.

14. Shortly after Plaintiff's 2019 Bankruptcy Case was dismissed, but prior to June 23, 2020, Chartway repossessed the 2010 Ford Expedition.

15. Upon information and belief, prior to June 23, 2020, Chartway sold at auction the 2010 Ford Expedition.

16. Upon information and belief, Plaintiff remained liable for amounts owed on the Chartway Auto Loan after Chartway repossessed and sold the 2010 Ford Expedition.

17. On June 23, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the Eastern District of Virginia, Newport News Division, Case No. 20-50748-SCS (the "2020 Bankruptcy Case"). Relief was ordered.

18. Amongst the debts included in his bankruptcy schedules filed in the 2020 Bankruptcy Case, Plaintiff listed the Chartway Auto Loan in "Schedule E/F: Creditors Who Have Unsecured Claims".

19. On October 5, 2020, the bankruptcy court entered a Discharge of Debtor in Plaintiff's 2020 Bankruptcy Case, pursuant to 11 U.S.C. § 727 of the Bankruptcy Code (the "Discharge").

20. On October 7, 2020, the Bankruptcy Noticing Center sent a copy of the Discharge to Chartway via electronic mail.

21. The Chartway Auto Loan, along with any other debts that Plaintiff may have had with Chartway, were included in Plaintiff's Discharge, and Plaintiff has not had any other accounts or relationship with Chartway since the entry of the Discharge.

22. After receiving his Discharge, Plaintiff hoped and believed his credit problems were behind him and that, based on his faithful completion of all of his obligations to obtain his Discharge, he would be allowed to receive a fresh start from his indebtedness and rebuild his credit.

23. In or around April 2021, Plaintiff requested copies of his credit disclosures from the nationwide consumer reporting agencies, which include Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC.

24. In response to Plaintiff's request, Trans Union, LLC ("Trans Union") sent to Plaintiff a copy of his credit disclosure, dated April 14, 2021 (the "Trans Union Disclosure").

25. The Trans Union Disclosure revealed that on April 2, 2021—nearly 6 months after receiving notice of the Discharge—Chartway requested, and Trans Union furnished to Chartway, a consumer report concerning Plaintiff, without Plaintiff's permission or any other permissible purpose (the "Impermissible Credit Pull").

26. According to the Trans Union Disclosure, the purpose of Chartway's April 2, 2021 inquiry was to obtain information from Plaintiff's credit file "in connection with an account review or other business transaction with [Plaintiff]."

27. Because Plaintiff's only account with Chartway was discharged in the 2020 Bankruptcy Case in October 2020, and Plaintiff did not have any relationship with Chartway after the Discharge was entered, Chartway was no longer one of Plaintiff's creditors at the time the Impermissible Credit Pull was conducted. Therefore, Chartway was not entitled to receive a consumer report concerning Plaintiff.

28. Through its violations of Plaintiff's rights under the FCRA, Chartway has caused damage to Plaintiff.

V.

### CLAIMS FOR RELIEF

COUNT ONE:
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681b (CHARTWAY)**

29. Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

30. Because of Congress' concern with a consumer's privacy, credit reports can only be disseminated or obtained for certain purposes as established in Section 1681b of the FCRA. Section 1681b establishes the all-inclusive purposes under which a consumer reporting agency

5

may furnish consumer reports and, in turn, the specific purposes for which a user may obtain a report and "no other." 15 U.S.C. § 168lb(a)(3).

31. Among those permissible purposes, the FCRA provides that a user may obtain a report for "review" purposes, *i.e.,* "where the creditor has an existing account relationship with the consumer *and* uses the report solely to decide whether to modify the terms of the account." Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff Report with Summary of Interpretations, July 2011, at 13-14 (emphasis in original); *see also* S. Rep. No. 104-185 at 35 (1995) ("[t]he permissible purpose created by this provision, however, is limited to an account review for the purpose of deciding whether to retain or modify current account terms.").

32. On one or more occasions within the past two years, by example only and without limitation, Chartway violated 15 U.S.C. § 1681b(f) by requesting and obtaining from Trans Union a consumer report concerning Plaintiff without Plaintiff's permission or any other permissible purpose.

33. At the time of the Impermissible Credit Pull, Chartway was aware that Plaintiff's Chartway Auto Loan had been discharged in Plaintiff's 2020 Bankruptcy Case, and that Plaintiff had no open credit accounts or any other existing relationship with Chartway that would have provided a permissible purpose for Chartway to request his credit file.

34. Because it received notice of Plaintiff's bankruptcy Discharge, Chartway had actual knowledge that it did not have a permissible purpose to obtain credit information concerning Plaintiff for the purpose of an account review. In addition, despite what it asserted to Trans Union, Chartway did not in fact obtain Plaintiff's credit report information in connection with an account review or other business transaction with Plaintiff. Rather, whatever Chartway's

purpose was in obtaining Plaintiff's credit report information, it was not in form or substance one of the permissible purposes outlined in 15 U.S.C. § 1681b.

35. As a result of Chartway's violations of 15 U.S.C. § 1681b, Plaintiff suffered concrete injuries. In addition to having his privacy invaded and informational injuries, Plaintiff has had his personal identifying and account-related information unnecessarily disseminated to Chartway, and, upon information and belief, to its related information-sharing affiliates. Chartway has subjected Plaintiff to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress.

36. The violations by Chartway were willful, rendering Chartway liable for punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. In the alternative, Chartway was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o. Plaintiff is entitled to recover actual damages, punitive damages, costs, and attorney's fees from Chartway in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI.

### DEMAND FOR RELIEF

Plaintiff therefore respectfully requests that this Court:

(1) Award Plaintiff actual and punitive damages for violations of the FCRA by Chartway;

(2) Award Plaintiff attorney's fees and costs under the FCRA;

(3) Award Plaintiff pre-judgment and post-judgment interest at the legal rate; and

(4) Award other relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED**.

**WYLEY YARBER, III**

By:

/s/ Mark C. Leffler
Emily Connor Kennedy, VSB# 83889
Mark C. Leffler, VSB# 40712
Stephen F. Relyea, VSB# 77236
Boleman Law Firm, P.C.
2104 W. Laburnum Ave, Suite 201
Richmond, VA 23227
(804) 358-9900 – Telephone
(804) 358-8704 – Facsimile
Email: eckennedy@bolemanlaw.com
Email: mcleffler@bolemanlaw.com
Email: sfrelyea@bolemanlaw.com

*Counsel for Plaintiff*